# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| C.L., by and through WHITNEY LESTER, <br><br> Plaintiff, <br><br> vs. <br><br> ZARBEE'S, INC. and TARGET CORPORATION, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT CONSERVATOR AND TO APPROVE A STTLEMENT AGREEMENT** <br><br> Civil No.: 2:16-cv-01192-JNP-EJF <br><br> Judge Jill N. Parrish |

Whitney Lester and defendants Zarbee's Inc. and Target Corporation filed a joint motion to (1) appoint Ms. Lester as a conservator of her son, C.L., and (2) approve the settlement agreement between the plaintiff and the defendant in this lawsuit. [Docket 22]. The court DENIES the motion.

The procedures for appointing a conservator for a minor in Utah are detailed in Utah Code sections 75-5-401 to -433. An interested person may file a formal petition to appoint a conservator, which must contain certain statutorily mandated information and state the reason why the appointment is necessary. UTAH CODE § 75-5-404. Notice of the petition must be served personally upon an unmarried minor's parents as well as any individuals who have filed a request for notice. *Id.* § 75-5-405. The proper venue for such a petition is in the county where the person to be protected resides. *Id.* § 75-5-403.

This court may not grant the motion to appoint a conservator filed by Ms. Lester and joined by Zarbee's and Target because Utah's conservator statutes clearly do not contemplate the appointment of a conservator by way of a motion filed in a civil lawsuit in which the minor to be

1

protected happens to be the plaintiff. In Utah, a petition to appoint a conservator is an independent proceeding that must be initiated by filing a formal petition that must be served upon statutorily mandated parties. Moreover, this court is not the proper venue for such a petition. Setting aside the question of whether a federal court would have jurisdiction to adjudicate an original proceeding to appoint a conservator under Utah law, the conservator statutes provide that the proper venue for such a proceeding is the county where the person to be protected resides. *Id.* In this case, Ms. Lester has identified Utah County as the county where C.L. resides. [Docket 22, p.2]. A petition must be filed in that county. The court therefore denies the joint motion to appoint Ms. Lester as a conservator of C.L. The court also denies the parties' joint request for this court to review and approve the proposed settlement agreement. The court ordered the parties to provide authority or argument for the proposition that the court should conduct such a review. Ms. Lester has not provided any authority suggesting that this court should review the agreement. She argues that a judicial determination that she is acting reasonably in her role as conservator is preferred. But she has not yet been appointed as a conservator, and to the extent that judicial oversight of any conservatorship is requested, the proper court to address such a request would be the court that appoints the conservator.

    SIGNED October 4, 2017.

                                              JILL N. PARRISH
                                              UNITED STATES DISTRICT COURT JUDGE